**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ERNEST MARR,

        Plaintiff,

        v.

TRANS UNION LLC,

        Defendant.

No. 25 CV 14790

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ernest Marr filed this lawsuit against Trans Union LLC alleging violations of the Fair Credit Reporting Act. Defendant moves to dismiss under Rule 12(b)(6) for failure to state a claim. For the reasons discussed below, the motion is granted.

**I.    Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) governs dismissals based on failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a complaint's sufficiency, courts "accept as true all well-pled facts and make any reasonable inferences in the non-

movant's favor." *Brant v. Schneider Nat'l, Inc.*, 43 F.4th 656, 664 (7th Cir. 2022). However, I disregard "[t]hreadbare recitals" supported only by conclusory statements. *Iqbal*, 556 U.S. at 678.

## II.    Background

Plaintiff Ernest Marr actively monitored his credit report. [1-2] ¶ 5.[1] In July 2024, Marr noticed several accounts on his credit score that he did not recognize or authorize, including accounts with "American Express, Discover Card, Apple Card, CitiCards Cbna, Great American Finance, Barclays Bank Delaware, SYNCB/Synchrony Mastercard, [and] Chapter 7 BK." [1-2] ¶ 6. Marr alleges that these accounts were inaccurately reported, leading him to dispute the accounts under various FCRA provisions. [1-2] ¶ 6.

Marr sent a formal dispute to Trans Union, requesting an investigation into the accounts. [1-2] ¶ 7. Defendant responded that the accounts were "verified." [1-2] ¶ 7. Marr requested further clarification and asked for "specific details." [1-2] ¶ 8. Trans Union responded by providing a "generalized procedure," but did not provide information about the method of verification. [1-2] ¶ 8. Marr sent follow-up letters requesting proof of verification and alleges that defendant "failed to respond appropriately." [1-2] ¶ 9.

Marr claims that Trans Union violated three provisions of the FCRA: (1) Section 1681i (for failing to conduct a reasonable investigation); (2) Section 1681g

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the complaint, [1-2].

(for failing to provide method of verification); and (3) Section 1681c (for failing to update personal information). [1-2] ¶¶ 14–23. Marr also brings a claim for defamation and negligent enablement of identity theft. [1-2] ¶¶ 24–26. Trans Union moves to dismiss all counts.

### III.   Analysis

#### A.   Article III Standing

Standing is a threshold question in every federal case. *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 726 (7th Cir. 2016). Although neither party has raised Article III standing, I have an "independent duty to ensure that this case is properly in federal court." *Cothron v. White Castle Sys., Inc.*, 20 F.4th 1156, 1160 (7th Cir. 2021) (internal quotation and citation omitted).

The FCRA "creates a cause of action for consumers to sue and recover damages for certain violations." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 419 (2021). But the mere existence of a federal cause of action or statutory violations is insufficient to confer Article III standing, which "requires a concrete injury even in the context of a statutory violation." *Id.* at 426 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)). "Concreteness means that the injury must exist: it must be 'real,' not abstract." *Crabtree v. Experian Info. Sols., Inc.*, 948 F.3d 872, 877 (7th Cir. 2020) (quoting *Spokeo*, 578 U.S. at 340).

Marr alleges that he suffered harm in the form of (1) emotional distress; (2) time lost in dealing with the dispute; and (3) the denial of credit opportunities due to the inaccurate reporting of these accounts. [1-2] ¶ 12. Some courts accept wasted

time as a concrete injury. *See Losch v. Nationstar Mortgage LLC*, 995 F.3d 937, 943 (11th Cir. 2021) ("[W]asted time is a concrete harm."); *Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 463 (6th Cir. 2019) (same). Nonpecuniary harms, such as emotional distress, must be described in "reasonable detail" to support standing. *Persinger v. Sw. Credit Sys.*, 20 F.4th 1184, 1194 (7th Cir. 2021).

Loss of credit is a pecuniary harm. *See Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001); *see also Persinger*, 20 F.4th at 1194. Marr has not supported his "damage to creditworthiness" allegation, [1-2] ¶ 27, with additional detail, but I accept as true Marr's allegation that his credit was damaged. Drawing reasonable inferences in his favor—and holding his pro se pleading to a less stringent standard than one drafted by lawyers—I find that plaintiff has Article III standing to proceed. *See Beal v. Beller*, 847 F.3d 897, 902 (7th Cir. 2017).

**B.     The Fair Credit Reporting Act**

Congress enacted the Fair Credit Reporting Act "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). One of the FCRA's cornerstones is § 1681e, which demands that consumer reporting agencies "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

Accuracy "encompasses both truth and completeness." *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 809 (7th Cir. 2023). When a consumer contends that his credit report is inaccurate, he can dispute the report with the agency that

4

prepared it. *Id.* The consumer reporting agency is then obligated to conduct a "reasonable reinvestigation to determine whether the disputed information is inaccurate." *Id.* (quoting 15 U.S.C. § 1681i(a)(1)(A)).

The FCRA allows a private right of action by a consumer against an entity that fails to comply with any requirement imposed under the Act. 15 U.S.C. §§ 1681a(b), 1681n, 1681o. If a violation is negligent, the affected consumer is entitled to actual damages. 15 U.S.C. § 1681o. If a violation is willful, the consumer is entitled to actual damages, statutory damages, and possibly even punitive damages. 15 U.S.C. § 1681n.

> 1. *Section 1681i*

Marr claims that Trans Union violated § 1681i of the FCRA. [1-2] ¶¶ 14–17. Liability under § 1681i, like that under § 1681e(b), depends on inaccurate information: "[I]f the credit report is accurate, the consumer has suffered no damages." *Chaitoff*, 79 F.4th at 811.

Marr alleges that defendant's report was inaccurate because "there were multiple accounts that he did not recognize or authorize." [1-2] ¶ 6. But over eighteen months before Marr noticed this alleged inaccuracy, Marr filed for Chapter 7 bankruptcy and included all of the accounts he now challenges in his bankruptcy petition. *See* Voluntary Petition for Individuals Filing for Bankruptcy at 20–26, *In re Marr*, No. 22-13945 (Bankr. N.D. Ill. Dec. 2, 2022).[2] Plaintiff cannot plausibly allege that his inability to recognize these accounts was a reporting error by defendant

---

[2] Marr's bankruptcy petition and related documents—public court documents—are subject to judicial notice. *White v. Keely*, 814 F.3d 883, 885 n.2 (7th Cir. 2016).

where he had listed these exact accounts in a bankruptcy petition predating his present allegations. Marr could not have failed to recognize accounts he disclosed, but even if he did, any failure of recall on his part did not make the report inaccurate.

A consumer reporting agency is not liable, as a matter of law, for reporting information from bankruptcy records unless there was prior notice from the consumer that the information might be inaccurate. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 285 (7th Cir. 1994) (applying this principle to information obtained from a state-court docket, even though the docketed information was incorrect); *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 972 (7th Cir. 2004) (applying this principle to records from financial institutions). Count I is dismissed.[3]

### 2.    Section 1681g

Marr next alleges that Trans Union violated § 1681g of the FCRA "by failing to provide the method of verification for the disputed accounts." [1-2] ¶ 19. But nothing in § 1681g entitles consumers to defendant's method of verification (nor to "clear and specific verification procedures," *see* [1-2] ¶ 19).

The FCRA provides that "[e]very consumer reporting agency shall, upon request … clearly and accurately disclose to the consumer [a]ll information in the

---

[3] Trans Union argues in the alternative that Marr has not sufficiently alleged that defendant's reinvestigation of his disputes was unreasonable. "A credit reporting agency that has been notified of potentially inaccurate information in a consumer's credit report is in a very different position than one who has no such notice." *Henson*, 29 F.3d at 286. Reasonable procedures are not proof of a reasonable reinvestigation. *Chaitoff*, 79 F.4th at 817.

I need not decide whether defendant's reinvestigations and verifications were reasonable—Marr's § 1681i claim is precluded by his failure to plausibly allege the disclosure of inaccurate information.

consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1). The term "file" means the information contained in the consumer report produced by the consumer reporting agency. *Gillespie v. Equifax Info. Servs.*, 484 F.3d 938, 941 (7th Cir. 2007). Internal methods and procedures are not encompassed by this definition.

In his opposition, plaintiff cites to no authority suggesting that he is entitled to more specific details. *See* [13] at 3. While he newly alleges that "Trans Union failed to clearly disclose all information in his file" and defendant's "disclosures were incomplete and misleading," [13] at 3, a plaintiff cannot amend his complaint by a brief in opposition to a motion to dismiss. *See Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 489 (7th Cir. 2023). Even if he could, plaintiff still fails to allege how defendant's disclosures were misleading and thus fails to give Trans Union fair notice of his claim. *See* Fed. R. Civ. Pro. 8. Given the indisputable fact that Marr did file for bankruptcy and listed the accounts at issue, he cannot allege anything misleading about his credit file related to those accounts. Count II is dismissed.

> 3.    *Section 1681c*

Despite moving to dismiss plaintiff's complaint in its entirety, defendant did not specifically address plaintiff's § 1681c claim in its initial motion. Defendant does, however, note in its reply brief that Marr has not alleged what "inaccurate and outdated" personal information that Trans Union "purportedly reported and refused to update." [14] at 3 n.1. Without leave of the court, plaintiff filed a surreply (including a proposed amended complaint). [15]. In his surreply, Marr did not challenge defendant's § 1681c argument and, to the contrary, dropped the claim from

his proposed amended complaint. *See* [15] at 4–5. Because I agree with defendant that plaintiff has not alleged any information that should have been excluded from his report under § 1681c—and seemingly so does plaintiff—Count III of Marr's original complaint is dismissed.

### 4. *Defamation and Negligent Enablement of Identity Fraud*

Marr's final claim is for defamation and alleges that his "reputation and standing in the financial community" were damaged due to defendant's failure to accurately verify and report his credit information. [1-2] at 8. As an initial matter, and as discussed above, plaintiff has not plausibly alleged that defendant reported any inaccurate information. Therefore, plaintiff's defamation claim fails as a matter of law. *See, e.g.*, *Madison v. Frazier*, 539 F.3d 646, 653 (7th Cir. 2008).

Further, both defamation and negligence are specifically preempted by the FCRA. *See* 15 U.S.C. § 1681h(e) ("[N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency … except as to false information furnished with malice or willful intent to injure such consumer.").

In his opposition, plaintiff "alleges that Trans Union willfully continued reporting disputed information despite notice of inaccuracy." [13] at 4. Yet plaintiff's complaint never used the word "willfully" and plaintiff's factual allegations fall far short of suggesting that Trans Union acted with malice. Count IV is dismissed.

## C.    Dismissal with Prejudice

Plaintiff's claims are dismissed with prejudice. Marr's proposed amended complaint does not cure the deficiencies discussed in this opinion: his theory of liability under § 1681i remains the same (inaccuracy in the form of unrecognized activity) and his new theory of liability under § 1681g (incomplete file disclosure) is not supported by any factual allegations. [15] at 4–5. Marr cannot plausibly allege that defendant committed any willful or negligent violations of the FCRA. Amendment would be futile. I have the discretion to dismiss with prejudice where a party does not make a showing of how it could cure the defects in the complaint. *Jauquet v. Green Bay Area Cath. Educ., Inc.*, 996 F.3d 802, 812 (7th Cir. 2021).

## IV.    Conclusion

Defendant's motion to dismiss, [7], is granted. The case is dismissed with prejudice. Enter judgment and terminate civil case.

ENTER:

_____
Manish S. Shah

Date: May 11, 2026                     United States District Judge

9